# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 20-290V
## Filed: April 27, 2022
UNPUBLISHED

|  |  |
|---|---|
| USMAN AMIN,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner<br><br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Kyle Pozza, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On March 16, 2020, Usman Amin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA").  (ECF No. 1)

On August 2, 2021, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On April 26, 2022, respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $75,584.00, representing $72,500.00 for actual pain and suffering and $3,084.00 for past unreimbursed expenses.  (ECF No. 37.) In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $75,584.00, representing $72,500.00 for actual pain and suffering and $3,084.00 for past unreimbursed expenses, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
)
USMAN AMIN,                         )
                                    )
                Petitioner,         )
                                    )        No. 20-290V
        v.                          )        Special Master Daniel T. Horner
                                    )        ECF
SECRETARY OF HEALTH AND             )
HUMAN SERVICES,                     )
                                    )
                Respondent.         )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 26, 2021, respondent filed a Vaccine Rule 4(c) report conceding that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF No. 25. On August 2, 2021, Special Master Horner issued a Ruling on Entitlement, finding that petitioner received an influenza ("flu") vaccination on October 31, 2018, and was entitled to vaccine compensation for petitioner's Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, and related sequela. ECF No. 26.

## I.      Amount of Compensation

Respondent now proffers that, based on the Special Master's entitlement ruling and the evidence of record, petitioner should be awarded a lump sum of **$75,584.00**, consisting of the following: $72,500.00 for actual pain and suffering, and $3,084.00 for past unreimbursed expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

1

**II. Form of the Award**

The parties recommend that the compensation provided to petitioner should be made as described below, and request that the Special Master's damages decision and the Court's judgment award the following: [1]

A. <u>Petitioner's Damages</u>

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$75,584.00,** in the form of a check payable to petitioner. Petitioner agrees.

B. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

<div style="margin-left: 40%;">

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

</div>

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

/s/ Kyle E. Pozza
KYLE E. POZZA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-3661
Kyle.Pozza@usdoj.gov

Date: April 26, 2022