# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-290V
Filed: October 6, 2023

| | |
|---|---|
| USMAN AMIN,<br><br>　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | Special Master Horner |

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, D.C., counsel for petitioner.
*Lara A. Englund*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

　　　　On March 16, 2020, Uman Amin, filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa, *et seq.* (2012).[2]  Petitioner alleged he suffered a shoulder injury related to vaccine administration following receipt of an influenza vaccine on October 1, 2018.  (ECF No. 1.)  On April 27, 2022, judgment entered awarding petitioner damages for his injury.  (ECF No. 40.)  On October 24, 2022, petitioner moved for an award of attorneys' fees and costs totaling $45,229.29, including $34,048.40 for attorneys' fees and $11,180.89 or attorneys' costs.  (ECF No. 43.)  Petitioner confirmed that he did not himself incur any personal costs.  (*Id*.)  On October 25, 2022, respondent filed a response to petitioner's motion agreeing that the statutory requirements for an award of attorneys' fees and costs have been met.  (ECF No. 44.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." Petitioners are entitled to an award of reasonable attorneys' fees and costs if they receive compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Regarding the amount of attorneys' fees and costs, the Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520-21 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests[,] . . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

I have reviewed the billing records and costs in this case and find that petitioner's request for fees and costs is reasonable. My review confirms that the fees and costs are sufficiently documented and, also, that the overall amount sought is reasonable given the nature of the case, counsel's performance, and the specific procedural history of the case.

**Accordingly, petitioner is awarded a lump sum of $45,229.29, representing reimbursement for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), in the form of a check payable to petitioner and petitioner's counsel, Leah Durant, Esq., of the Law Offices of Leah V. Durant, PLLC.**

The Clerk of the Court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).